# YOUNG, Plaintiff-Appellant, v. MIAMI CONSERVANCY DISTRICT, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1851.   Decided May 16, 1945.

Ralph A. Argabright, Dayton, for plaintiff-appellant.

Alfred S. Frank, Dayton, Turner & Turner, Dayton, for defendant-appellee.

## OPINION

By GEIGER, J.

That we may readily understand the matters now before this Court, it appears advisable to briefly note the issues raised by the several pleadings.

### AMENDED PETITION

Plaintiff alleges that he is a free holder and taxpayer in the Miami Conservancy District as established; that the matters involved are of common and general interest to all free holders in said District and the taxpayers are interested and proper parties, and that the plaintiff brings the action for himself and on behalf of all other parties similarly situated and having a common interest.

It is alleged that The Miami Conservancy District is a public corporation organized under the Conservancy Act of Ohio, designated as §§6828-1 to 6828-79 GC of the State of Ohio; that Edward A. Deeds, George A. Rentschler and Walter H. Coles are the present members of the Board of Directors of said District; that Ezra M. Kuhns is the present Secretary.

It is alleged that the District was established for the purpose of preventing floods in the valley of the Great Miami River and its tributaries pursuant to the decree of the Common Pleas Court of Montgomery County, Ohio, made on the 28th day of June, 1915, "In the matter of The Miami Conservancy District".

It is stated that the District, acting through its Board of Directors, has accepted title from The National Cash Register Company to a tract of 35 acres of land located in the City of Dayton, Ohio; that the conveyance was made for a consideration of $1.00 and other valuable considerations, subject to and upon the express conditions that the District should develop and use the premises as and for a public parking and recreational area for the use of all people forever; that the chief engineer of the District has prepared plans for the park development together with an estimate of the cost of the development; that the named Directors, purporting to act for the District, have approved said plan and accepted the estimates and have determined to proceed and are now proceeding with the proposed development.

Plaintiff says that the defendant Directors, purporting to act in pursuance of the provisions of §6828-24(a) GC, propose to expend funds and pledge the credit of the District to the extent of $100,000.00 for the development of said park, and recreational area, and will do so unless restrained.

Plaintiff says that the defendant Directors on the 27th

day of September, A. D., 1940, made application to the Common Pleas Court of Montgomery County, Ohio, sitting as a Conservancy Court, for authority to proceed with said project; that no notice of or opportunity to be heard upon this application was given to the plaintiff or to any other persons; that upon ex parte hearing, said Court did upon the same date and practically at the time the petition was filed, make its order in the case purporting to authorize the Directors to proceed with the project and expend funds belonging to said District in an amount not to exceed $100,000.00; that said §6828-4(a) GC is without application to and confers no power upon the District by virtue of the section; that the purposes and powers of said District can be enlarged only by the same procedure as provided for the original establishment of the District; that said procedure has not been followed whereby said attempted enlargement and alteration of the purposes and. power of said District to include the establishment of a park or recreational area is null and void, and said District does not have such power and is attempting to exercise such power, said defendant Directors are exercising their powers under said Conservancy Act in such manner as to deprive the plaintiff and others of their property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, and of **Article I, Section 16 of the Constitution of Ohio.**

Plaintiff further says that in any event said §6828-24(a) GC purports to confer authority to levy taxes or special assessments without providing for such notice and hearing as are necessary to constitute due process of law; that said section, in its entirety, is in conflict with the provisions of the Federal and State Constitutions as enumerated and is void.

Plaintiff further says that by virtue of the premises, neither he nor any person in the District has any remedy at law against said purported misapplication of the corporate funds of the District; that the defendant Directors are parties to the said misapplication of said funds, and that it was futile for plaintiff or any other person, to demand of such defendants that they take appropriate legal action to prevent such misapplication.

Plaintiff says that the defendant Directors purporting to act under the provisions of §6828-24(a) GC, with the approval of the Common Pleas Court of Montgomery County, Ohio, sitting as a Conservancy Court, propose to defray the costs of said park improvement by levying of special assessments upon certain public corporations having land in the District; that the levy of such assessments will constitute an

580

unwarranted interference with the local self-government of such public corporations in contravention of **Article VIII, Sections 2, 3 and 7 of the Constitution of Ohio;** that upon the failure of such Special Assessment, the cost of the improvement will be borne by plaintiff and others similarly situated by way of levy of taxes upon all taxable property within the District; that by virtue of the premises, the proposed and threatened acts of the defendant Directors are an unwarranted and unconstitutional exercise of their powers and that by virtue of the premises, §6828-24(a) GC. is in conflict with the above mentioned provisions of the Ohio Constitution.

Plaintiff prays that the defendant Directors, as such Directors of the Miami Conservancy District and their successors in office may be permanently enjoined from expending any funds or money belonging to said District for the purpose of establishment or maintenance of a park or recreational area and from pledging the credit of said District for said purpose; that upon final hearing, the court award to said plaintiff his costs.

### AMENDED ANSWER

The defendant filed an amended answer to the amended petition of the plaintiff, and admits that the district is a public corporation organized under the Conservancy Act of the State of Ohio, and avers also that it is a political subdivision of the State of Ohio; admits that the law of Ohio under which it was organized is the "Conservancy Act", later designated by the Sections mentioned in the petition; admits that the parties mentioned are Directors.

Defendants admits that the District was established for the purpose of preventing floods, pursuant to the decree of the Court of Common Pleas of Montgomery County, Ohio, in case No. 36,847, on the docket of said Court, entitled: "In the matter of the Miami Conservancy District", but defendant alleges that said Court of Common Pleas was the Court of Common Pleas of said County as defined by Section 6 of the Conservancy Act as originally enacted.

Defendant admits that acting through the Board of Directors, the Conservancy District has accepted title to a tract of thirty-five acres in the City of Dayton; that the stated consideration in said deed was "$1.00 and other valuable considerations", but avers that there was actually no money or other considerations paid or promised by the grantee, except the grantee agreed to assume and pay the taxes and assessments upon said premises due and payable thereafter; further admits that the conveyance was made to the District

subject to and upon the express condition that it should develop and use said premises for a public park for the use of all the peoples, and averred that there were no other provisions in the deed pertaining to the development and use of said premises by the grantee; admits that the chief engineer prepared a plan for park development together with an estimate of the cost thereof and that said District, through the Board of Directors, has approved said plan and has accepted said estimate of costs and has determined to proceed.

Defendant admits that the District, on September 27, 1940, made application to the Court of Common Pleas of Montgomery County, Ohio, sitting as a Conservancy Court, but denies that the application prayed for the authority of the Court to proceed with said project, and alleges that the prayer of the application was as hereinafter set forth; admits that no notice was given; admits that on the same date the Court entered certain journal entries granting said application.

Defendant admits that the Directors named, acting as a Board of Directors of the District and under the provisions of §6828-24(a) GC, with the approval of the Common Pleas Court of Montgomery County, Ohio, sitting as a Conservancy Court, propose to defray a part of the park cost by levying of a special assessment upon certain public corporations having land in the District, but deny that they propose to defray all of said cost in same manner and allege that a larger part of the cost has been and will be borne by federal and private agencies.

Defendant further denies all other allegations of the amended petition.

Defendant alleges that on or about February 29, 1916, a plan for the improvement for which said District has been created, was filed in the office of the District, which plan was pursuant to the provisions of the Conservancy Act of the State of Ohio, and was adopted as the official plan of the District approved by the Conservancy Court; that said official plan provided for a system of dams and retarding basins on the Great Miami River and certain of its tributaries.

Defendant alleges that pursuant to the recommendation of the engineer by proper resolution, it determined to excavate an island in the river down the stream from the 35 acre tract and from the City of Dayton; that this act was to accomplish the purpose of flood prevention, and in pursuance of the official plan of said District.

Defendant alleges that a large area of land outside the channel had been acquired as a "spoil bank" for the disposal

of the earth constituting the island; that the Board of Directors accepted the gift of the tract described in the petition for such use, said gift being conditioned upon the use of said land for public park and recreational area, and thereupon proceeded with the removal of the island and the placing of the earth therefrom upon said tract of land, the use not inconsistent with the provisions of said deed, but as agreed upon by the grantor thereof; that all expenditures to cover the cost of said undertaking have been and are being made solely from the funds of said District applicable to such purposes.

Defendant says that at the meeting of the Board of Directors in July, 1940, its chief engineer presented a plan for park development together with an estimate of said District's share of the cost thereof; that said estimate includes an item of approximately $15,000.00 for contingencies; that the Board of Directors, by proper resolution, decided to proceed with said park development in cooperation with other civil agencies under the second method of financing the same, as set forth in Section 24(a), of the said Conservancy Act as enacted in 1937, subject to the approval of the Conservancy Court.

That in 1940, the Court of Common Pleas of Montgomery County, Ohio, as presided over by the judges provided for in Section 5 of the Conservancy Act, met and the Court heard and considered the application of the District praying for the Court to approve the payment of obligations to be incurred through its part in the development of said park by the levying of special assessment upon such public corporations as would be benefited thereby, not in excess of such benefits, as determined by the Board of Appraisers of the District, and as approved by the Court; that said application was heard on plans prepared by its engineer and approved by the Board, and his estimate of the cost; that the Court found that the development of said park would be a benefit to said public corporations having land in the district in such amount as would probably exceed the cost thereof, and adjudged that the proposed improvement be undertaken by the District, and that the obligations incurred in so doing by said District not to exceed $100,000.00 be met by the levying of special assessment upon the public corporations having land within said District that would be benefited thereby, and that the Board of Appraisers should proceed with said appraisal of benefits in accordance with Section 24(a) and other provisions of the Act.

Defendant says that the Board of Appraisers has proceeded with the appraisal of the benefits and is ready to make

its report to the Court; that upon filing said report, defendant proposes to proceed to give notice in each county as provided by law, and that the matter will be brought before the Conservancy Court, together with any exceptions filed thereto; that if and only in such case said court approves the Appraisers' report and finds that the appraised benefit to said corporation exceeds the part of the cost to be borne by the District, does defendant propose to levy an assessment against the public corporation.

Said defendant then proposes to report said assesssment to the Court for confirmation, and if the same is confirmed, to give notice and opportunity to interested parties to file exceptions. If the assessment does not produce a sufficient amount under the provisions of Section 46 of the Conservancy Act, the defendant proposes to issue bonds. Defendant does not propose to incur any obligations or expend any money for said park development and in no event do they propose to expend therefor any money acquired by the District for any other purpose or in any other way to obligate or expend the general funds of the District, and that all proceedings in reference to the park will be deemed in pursuance of Section 24(a) and of the Constitution of the State and of the United States and in conformity with further rulings of the Conservancy Court which they may lawfully do.

Defendant prays that the amended petition be dismissed.

Plaintiff for reply, admits and denies various allegations of defendant's answer, and finally states that he denies that the proposed and threatened action of the defendant will be pursuant to the provisions of the Constitutions of the State of Ohio and of the United States and avers that said proposed and threatened action will be violative of said Constitutions in the manner set forth in the petition and violative of the Constitution of the State of Ohio.

## STIPULATION OF FACTS

Certain stipulation of facts has been agreed to between the parties and has been embodied in the order of the Court as its finding of facts.

It is stipulated that the court shall, for the purpose of the case, consider the facts included, subject to the rights of the plaintiff to object on the ground that the Common Pleas judges of each of the nine counties included in the Conservancy District, sitting "en Banc" as provided by Section 6828-5, and otherwise known as the "Conservancy Court" lacks jurisdiction in this action and subject to the rights of the parties

to object to the relevancy or materiality of any facts set forth herein.

The agreements are epitomized as follows:

1. Agreement as to the fact that the plaintiff, Young, has a right to bring the action and that the questions involved are of common and general interest of all free holders.

2. That the District is a public corporation and a political subdivision, organized under the Conservancy Act of the State of Oho, consisting of nine enumerated counties; that the same was organized in 1914 under the present §§6828-1 to 6828-79 GC.

3. That the lands within the City of Dayton are included in the District.

4. That in 1915 the Judges designated to sit as a Court of Common Pleas of Montgomery County, Ohio, established the Miami Conservancy District for and that the same would promote the public safety, health and welfare, etc.

5. That in 1916, a general plan was adopted pursuant to the provisions of the Conservancy Act and approved by the Court.

6. By the plan so adopted and approved, it was contemplated that the island shown on the aerial photograph should be removed but the same was not done within a period of ten years; that in 1939, the chief engineer recommended that the same be removed by excavating the same and that for that purpose a "spoil bank" be acquired; that in 1940, by proper resolution, the engineer was directed to proceed with the plan to accomplish the removal of the island, and the engineer advised that the owner of the 35 Acre tract described in the petition, would convey the land for a nominal consideration, and in pursuance of the plan, had made a deed to the District with the conditions enumerated, which the Directors accepted.

7. In 1940, the engineer presented the plan for the park development of said tract, together with an estimate of $70,770.00 as the District's share of the cost, other costs being borne by several civic organizations.

8. That on the 27th day of December, A. D., 1944, the Court of Common Pleas of Montgomery County, Ohio, sitting as a Conservancy Court, met and considered the application of the District, praying for the approval of the payment of the obligations to be incurred as its part of the development of said park area by levying of special assessments upon each public corporation as would be benefited by more than the extent of such benefits as determined by the District Board

of Appraisers and approved by the Court. That said application was heard and the plan as prepared by the engineer and approved by the Board, was found by the Court to be of benefit to the public corporations having land in the District in such an amount as would exceed the cost thereof, and adjudged that the proposed improvement be undertaken by the District at a cost not to exceed $100,000.00, to be met by the levying of a special assessment on public corporations having land within the District as would be benefited thereby, and that the Board should proceed with the appraisal of the benefits in accordance with the Conservancy laws.

9. The Conservancy District has expended no money for the establishment of the development of said park and has not obligated itself to expend any money therefor.

10. The District proposes to make expenditures for the development of the park or recreational area in accordance with the plan as provided by the engineer and as approved by the Board of Directors; such intention of the Directors is conditioned upon the finding of the Conservancy Court that the total cost to the said District will not exceed the benefits to be derived therefrom as found by the Board of Appraisers.

Said District proposes to make expenditures for the purpose of notices, etc., all expenditures will be confined solely to the proceeds of levies made against appraisals of benefits.

11. The Board of Appraisers has proceeded with its Appraisal and is ready to make a report to the Court.

On December 4, 1943, the Conservancy Court made an order setting the cause of hearing on December 7, 1943. On December 6, 1943, a motion was made by the plaintiff to set aside and vacate said assignment. On April 3, 1944, the matter came on before the Conservancy Court upon the motion of the plaintiff to vacate the assignment, and the Court held that the Conservancy Court had exclusive jurisdiction. On April 25, the matter came on further to be heard upon the application of the plaintiff to vacate the assignment of said cause for hearing before the common pleas judges of the nine counties included within the District, and said court so sitting, finds that it has exclusive jurisdicton of the subject matter of this proceeding and overrules the motion of the plaintiff.

The plaintiff made a motion for new trial and rehearing, and on the 19th day of December, 1944, the court overruled said motion and ordered that the amended petition of the plaintiff be dismissed at plaintiff's cost.

Thereupon the plaintiff gave notice of appeal to this Court from the judgment and finding of the Common Pleas Court

of Montgomery County, sitting as a Conservancy Court of the Miami District, said appeal being on questions of law. Thereupon the case was filed in this court and the plaintiff filed eight assignments of error, which we epitomize as follows:

1. The court erred in overruling the motion of the plaintiff to vacate the assignment of the above entitled cause for hearing before the judges of the common pleas court of the nine counties included within the district.

2. The court erred in finding that §6828-24(a) GC grants additional powers to the Board of Directors of the Conservancy District, irrespective of the purpose of the district.

3. That the court erred in holding that the obligations incurred by the provisions of said section may be paid by the levying of special assessments upon public corporations.

4. The court erred in holding that under the facts in the case, the levying of special assessments, as provided in said section may be properly confined to public corporations having land within the District.

5. The court erred in finding that the subdistricts, as provided for in said section cannot be organized for the purpose of creating and developing parks, and that said subdistricts can only be organized for one or more of the purposes set forth in §6828-2 GC.

6. The court erred in finding that under the facts in the instant case, said §6828-24(a) GC provides, (by reference) adequate notices under the Federal and State Constitutions.

That the political subdivisions within said district and taxpayers individually are not deprived of such notice of hearing as are necessary to constitute due process of law under the Federal and State constitutions; that said section is not in contravention of **Article XVIII, Sections 2, 3 and 7 of the Constitution of the State of Ohio** pertaining to "home rule".

7. The court erred in holding that said section is not in contravention of the Constitution of the State of Ohio, even though the court finds that said section grants to the Conservancy District, organized for a specific purpose, unrelated to the creation of parks, an additional power to create and develop parks and to pay the obligations incurred under the authority of said section by assessment against public corporations having land in the District that are benefited thereby.

8. That the court erred in dismissing the Amended Petition of the plaintiff.

Counsel for defendant has, since filing their brief, made the following suggestions:

"We respectfully suggest that, in order to aid the Court, the Court of Appeals request counsel for plaintiff to assume the burden to specifically relate by supplemental brief the issues, the conclusions of law, and the assignments of error. This will enable counsel for the defendants to distinctly and separately answer the points of law thus clarified. If counsel for the plaintiff fails to comply with the request within a reasonable time to be fixed by this Court, counsel for defendants are willing to assume the burden of so doing."

Much space has already been consumed in stating the issues in this case that the court must, of necessity, restrict the limits to which it will go in determining the issues raised by counsel. Both sides have filed interesting briefs, which we have studied with care and have read the cases cited, and have especially relied upon a limited number.

The original Conservancy Act is found in §6828-1 GC. Sec. 6828-2 GC of the original act stating the purposes for which a Conservancy District is organized, enumerates nine specific purposes, none of which definitely cover the activities of the District now being considered by the court, to-wit: that which relates to the improving of land for park and other recreational purposes. In 1937, an amendment to the original act was passed which provides in what is now §6828-24(a) GC, for the establishment and maintenance of recreational facilities, and providing for an annual levy.

The amended act provides that the Board of Directors of the District may construct parks and other recreational facilities upon the lands owned or controlled by the District, and may acquire by purchase or appropriation, property additional to that required for the purpose for which the District was incorporated and to provide for certain development of the land. It is provided that the Board, with the approval of the Court, may provide for payment of obligations incurred under authority of the section, by either or both of the methods as determined by the court:

1. The levying of taxes upon all taxable property of the district, or

2. The levying of special assessment upon public corporations having lands within the District, but in no case shall

such obligations levied be paid from the proceeds of special assessments levied under certain other enumerated statutes.

The Section provides that if the first method be approved by the Court, the Board may levy certain taxes not exceeding a certain amount and in anticipation of the collection of such taxes, may issue bonds of a definite character.

In case the second method provided by the statute is approved by the Court, the Board of Directors shall appraise the benefits to be conferred on each public corporation containing lands within the District by reason of the acquisition and construction of the property and improvements authorized by the Board under this Section, and shall appraise the damages accruing to persons and public corporations therefrom.

The provision of the Chapter with reference to the determination of benefits and damages shall apply in such appraisals, but shall be separate from other appraisals of benefits and damages made under the Chapter and separate records shall be prepared. After the appraisal of benefits has been approved by the Court and within the amount of benefits so determined, the Board of Directors may levy assessments on the public corporations benefited to pay the cost of the property and improvements acquired and constructed under the Section and may issue bonds in anticipation of the collection of such assessments and may annually levy a maintenance assessment for the purpose of the Section.

The provisions of the Chapter relating to assessments for the Conservancy District purposes and to bonds issued in anticipation thereof, shall apply to the assessments authorized under the Section and bonds issued in anticipation thereof. Improvement, bond retirement and maintenance bonds shall be established for recreational purposes in conformity with §6828-42 GC, which shall be separate from one another and from other funds in the district and no transfers shall be made from the other funds and assessments authorized.

Counsel for plaintiff has stated in his petition or in his brief the objections which he asserts against the attempt of the Board to proceed with the improvement for recreational purposes, of the land donated by The National Cash Register Company upon the conditions already mentioned in this opinion. Counsel for plaintiff among other things, asserts most strenuously that the proceeding now sought to be pursued by the Board of Directors is unconstitutional and violative of both the Federal and State Constitutions.

We might note in passing, that the land acquired by the

District and now sought to be improved for recreational purposes by the Board, became the land of the District before any attempt was made to improve it by parking. It was necessary for the proper construction of the District, that the land be acquired as a "spoil bank" to receive the excavation taken from the island, which being in the middle of the stream, impeded the rapid flow of the water in the case of excessive drainage requirements by reason of storms. Whatever objection counsel for plaintiff may have made to the proceedings by the Conservancy Board of Directors, must, necessarily, be confined to the improvements for recreational purposes now sought to be projected under the provisions of §6828-24(a) GC, as the power of the Board of Directors to make this improvement did not exist under §6828-2 GC of the original Act, and it became necessary to provide therefor by the amendment.

It will be noted that in the very first part of the Section providing for recreational purposes, it is stated that it shall be "upon the lands owned or controlled by the District". No matter how the District may acquire the lands, whether by purchase, condemnation or gift, the prerequisite of the improvement for recreational purposes, is that the land shall belong to or be controlled by the District when the improvement is begun.

We are of the opinion that many of the objections now advanced by counsel for the plaintiff are answered in the two original Conservancy cases touching the Miami District, to-wit: **Snyder, et al., v Dayton, et al., 91 Oh St 407,** and especially: **County of Miami, et al., v The City of Dayton, et al., 92 Oh St 216.**

The latter case contains much in its syllabus which directly answers the complaint of Counsel for plaintiff, which is further elaborated in the very illuminating opinion of Wannamaker, Judge. We refer to this case in particular.

At a later date, the Court in deciding the case of **State ex rel Silvey, etc., et al, v The Miami Conservancy District, et al., 102 Oh St 690,** Court of Appeals, Miami County, in 1921, which was prior to the date of the amendment, simply states:

"This court finds that the questions involved in this case were involved in and disposed of in **The County of Miami, et al., v The City of Dayton, et al., 92 Oh St 215.**"

We are equally of the opinion that this Dayton case decides the questions involved in this case, even though it was

decided before the amendment of 1937. There is nothing that counsel advances against the power of the District to make the recreational improvement and to provide for its payments that was not decided in the Dayton case. The only new thing is that under the present statute, the District is empowered to do certain things which it did not have the power to do prior to the amendment. The levies provided for by the amendment provide the means by which the Directors may improve certain isolated pieces of property, especially adapted for recreational purposes by assessing the cost thereof upon the public corporations especially benefited. With a long narrow strip of land along a flowing stream extending half way across the state, it is quite apparent that there will be many spots which can be and should be improved at the cost of the public corporations especially benefited by such improvement. It would not be just to assess against the property owners in the upper portion of this basin, the cost of beautifying 35 acres lying within the boundary of Dayton. No doubt as time goes on, many other spots will be selected as subject to beautification for the general benefit to the people in the vicinity, the cost of which improvement should not be charged against the property within the limits of remote public corporations, but only against the property of those public corporations having land within the vicinity of the improvement and having land within the District.

Counsel for the plaintiff urges that due to the condition of the deed made by the Cash Register Company to the Conservancy District, that it is necessary for the directors to use the funds of the District to improve the land so granted by parking. The provision of the deed is "subject to and upon the express conditions that the district should develop and use the premises as and for a public parking and recreational area for the use of all people forever".

There is nothing in this condition attached to the deed making it obligatory upon the Board of Directors to expend the funds of the District in the improvement. The provision is merely that the Directors improve the property so conveyed. Where the Directors get the money for that purpose is of no concern of the National Cash Register Company, it being only interested in its improvement for recreational purposes, which the Board agreed to do. We cannot discover that the paying for this under the method provided by the statute and which the Board follows in any way violates the obligation of the Board to the National Cash Register Company.

We are of the opinion that the Court below consisting of

nine common pleas judges, made a proper finding and did not commit any error in such finding. Other assignments of error are not well made. Order of the Court below affirmed.

HORNBECK, P. J., and MILLER, J., concur.